PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHARLES SAMUEL TISRON, ) | |
| ) | CASE NO. 4:14cv2513 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| AMANDA NEWLAND, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 1] |

*Pro se* Plaintiff Charles Samuel Tisron is a federal prisoner incarcerated at FCI Elkton. He filed this civil rights action under 42 U.S.C. §1983 against his prison case manager Amanda Newland, her supervisor Don Wilcome, and the associate prison warden Bill Story, alleging he was denied 12-months' placement in a halfway house as permitted under the Second Chance Act and transfer to a minimum security facility "[b]ecause of [his] race and religion." ECF No. 1 at 3–4. Plaintiff seeks halfway house time under the Second Chance Act and transfer to a minimum security facility. *Id.* at 5. He also seeks return of payments he made on a court-ordered fine he contends he was forced to pay that is not due until he is released. *Id.* For the reasons stated below, Plaintiff's complaint is dismissed.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), 28 U.S.C. §1915A requires district courts to screen cases in which a prisoner seeks relief from a governmental

(4:14cv2513)

entity, officer, or employee and to *sua sponte* dismiss those that fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A. A complaint fails to state a claim upon which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915A). The court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded allegations as true, and determine whether the plaintiff's allegations present plausible claims. Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Rather, the plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Iqbal, 556 U.S. at 677–78.

Although a *pro se* litigant is not held to the same standard as a lawyer, he still must set forth factual allegations sufficient to give the defendants fair notice of his claims and the grounds on which they rest; a court is not required to conjure up allegations on the plaintiff's behalf. See Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001).

### Analysis

Even when liberally construed, Plaintiff's complaint is insufficient to meet the basic pleading requirements necessary to state a plausible claim for relief. The basis for Plaintiff's

2

(4:14cv2513)

claims is that he was discriminated against on the basis of his "race and religion," but he has set forth no factual allegations in his complaint supporting a plausible conclusion that he was discriminated against on those grounds. "The Equal Protection Clause prevents . . . distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). To the extent Plaintiff purports to assert an equal protection claim, his claim is wholly unsupported by any facts in his complaint. There are no allegations that Defendants burdened one of Plaintiff's fundamental rights, targeted a suspect class of which Plaintiff is a member, or treated Plaintiff differently from others similarly situated to him. In short, Plaintiff's claim of discrimination is a purely conclusory allegation of unconstitutional conduct which, without specific factual allegations, fail to state a claim. *See Iqbal*, 556 U.S. at 677–78; *Twombly*, 550 U.S. at 555.

**Conclusion**

For the reasons stated above, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915A. Furthermore, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

 January 25, 2015            /s/ Benita Y. Pearson  
Date                            Benita Y. Pearson  
                                       United States District Judge